# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

ELDIN RAMIC

                                              Plaintiff,

      v.                                            6:16-CV-258 (MAD/ATB)

VELDIN BARBER, LB SECURITY,
UTICA POLICE, and LENSCRAFTERS,

                                              Defendants.

ELDIN RAMIC, Plaintiff, pro se

ANDREW T. BAXTER
United States Magistrate Judge

## REPORT-RECOMMENDATION

      The Clerk has sent to the Court a civil rights complaint that was removed to this court by defendant Utica Police after pro se plaintiff Eldin Ramic[1] filed the action in the Oneida County Supreme Court. (Dkt. Nos. 1, 2) Plaintiff Eldin has now filed an application to proceed in forma pauperis ("IFP") so that the Marshal can assist in serving defendant Lenscrafters and Veldin Barber. (Dkt. No. 18). For the following reasons, this court recommends that the case be remanded to state court for lack of subject matter jurisdiction and will recommend that plaintiff's motion for IFP status be denied as moot.

---

[1] The court notes that Mr. Ramic has filed cases both under "Eldin Ramic" and "Ramic Eldin." When citing plaintiff's other civil actions, the court will cite the action as plaintiff filed it.

I.      **Procedural History and Facts**

This complaint is another in a series of complaints in which plaintiff accuses defendants Veldin Barber (an actual barber) and Lenscrafters of implanting microchips into plaintiff's head (the barber) and in plaintiff's eyes (Lenscrafters). *See e.g. Eldin v. Barber*, No. 6:15-CV-440 (N.D.N.Y. May 22, 2015) (suing Barber and Utica Police) (Dismissed Dkt. No. 7); *Ramic v. LB Security Service*, No. 6:04-CV-241 (N.D.N.Y. June 4, 2004) (suing LB Security and Utica Police) (Dismissed Dkt. No. 8). Plaintiff attempted to appeal the dismissal of 15-CV-440, but on February 5, 2016, the Second Circuit denied plaintiff's motion to proceed IFP and dismissed plaintiff's appeal because it "lack[ed] an arguable basis either in law or in fact." (Dkt. No. 15 in 15-CV-440). Each of these cases was brought pursuant to 42 U.S.C. § 1983 as civil rights actions.

Apparently unhappy with the results that he obtained in federal court, plaintiff filed this action in the Supreme Court of Oneida County, suing the barber, LB Security, Lenscrafters, and the Utica Police. On March 4, 2016, defendant Utica Police filed a notice of removal. (Dkt. No. 1). The notice of removal lists plaintiff's two prior federal court actions (04-CV-241 and 15-CV-440) and claims that this court "maintained subject matter jurisdiction under 42 U.S.C. § 1983. Therefore, the instant action as well contains claims under 42 U.S.C. § 1983 for which this Court has jurisdiction." (Dkt. No. 1 ¶ 3).

## II. Removal Jurisdiction and Remand to State Court

### A. Legal Standards

Removal to federal court is proper if there is federal subject matter jurisdiction over the claim being brought. *See* 28 U.S.C. § 1441. Defendants removed this action pursuant to 28 U.S.C. § 1441 ("Section 1441"), premised on federal-question jurisdiction under 28 U.S.C. § 1331 ("Section 1331"). Section 1441, which sets forth the jurisdictional basis for removal, states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441; *see also Lincoln Property Co. v. Roche*, 546 U.S. 81, 83 (2005) (explaining that Section 1441 "authorizes the removal of civil actions from state court to federal court when the action initiated in state court is one that could have been brought, originally, in a federal district court").

"In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability.'" *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013) (quoting *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994)). The relevant statute provides that motions to remand actions that have been removed to federal court "on

3

the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). The statute also provides that "if ant any time before final judgment it appears that the district court lacks subject matter jurisdiction, ***the case shall be remanded***." *Id.* (emphasis added). The Second Circuit has construed this statute as authorizing the district court to remand a case "sua sponte" at any time upon a finding that it lacks subject matter jurisdiction. *Walker v. Rodgers*, No. 1:15-CV-7376, 2016 WL 236223, at *1 (E.D.N.Y. Jan. 19, 2016) (citing *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 475 F.3d 127, 131, 133-34 (2d Cir. 2006) (citing *Bender v. Willaimsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) and *Wynn v. AC Rochester*, 273 F.3d 153, 157 (2d Cir. 2001).

### B. Application

It is quite clear from the beginning of this complaint, that plaintiff intentionally filed this action in State court. (Complaint "Compl." at CM/ECF p.4). It is true that plaintiff is making some of the same claims that he has unsuccessfully made twice before in this court. However, plaintiff begins by stating that he is "pressing charges" against "Velding [sic] Barber Shop for cutting and implanting microchips behind may ears and torture that followed. Since it is unlikely that Civil Court can deal with bigger portion of this situation, for that we will expect resolution in future from other institutions, . . . there is a portion of this lawsuit that is ***local***." (*Id.*) (emphasis added).

4

Plaintiff then states that the federal court response to his claims is "humiliating," and later states that because the federal court has "lost its credibility entirely," plaintiff is "forced to look for resolution of this matter elsewhere." (*Id.* at 9).

Plaintiff restates his allegations against the barber, whose "hair cuts were way to [sic] high above the ears," his hygiene was poor, and apparently was very unprofessional. Among many other things that this court will not repeat, plaintiff claims that one day, the barber was making so many mistakes and cutting plaintiff all over his head, resulting in the use of a great deal of anesthetic on q-tips, so that he could make an opening on either side of plaintiff's head to insert the microchips. (*Id.* at 4-5).

Plaintiff then discusses LB Security, and it is unclear what he is attempting to claim, but he states that Serbians were used by LB Security for surveillance and investigation of "us, fixing trials, paying judges apparently, buying local businesses with war profiteering, robbers and slaves . . . ." (*Id.* at 6). Plaintiff then mentions the CIA, which is in charge of the mafia. Plaintiff alleges that the mafia is "behind" the "deranged barber," and that the CIA is "behind" the mafia. (*Id.*) Apparently, these actions have prevented plaintiff from obtaining 20 to 30 jobs, and he is being tortured as a result. Essentially, the complaint rambles about the torture that plaintiff has been enduring for the last fifteen years as a result of these actions.

Plaintiff suspects that the entire population is microchipped, but not everyone is

tortured as he is. (Compl. at 12). Plaintiff claims that "they" have a "voice print database that allows simulation of voices, such that it appears that the voice "is coming from [the] direction of a person [who] didn't say it." (*Id.* at 13). Plaintiff states that his brain is hemorrhaging, he has neuropathy, the "endings of his nervous system are damaged," and his heart is bloating as a result of these issues. (Compl. at 10-11). Plaintiff states that he was also tormented with microwaves in Bosnia, and that he was told to go home and offered ten thousand dollars, "I assume compensation for torture." (*Id.* at 11).

Plaintiff requests that the barber be held responsible for his actions and that he be arrested. (*Id.* at 2). He wants the microchips to be removed and the electronic torture to stop. (*Id.*) Plaintiff also seems to be requesting substantial monetary relief.

In the removal petition, defendant Utica Police states that federal question removal is based on the fact that plaintiff's action "could be construed" as arising under section 1983 because this court "maintained subject matter jurisdiction" over plaintiff's previous cases. First, a federal question must be present on the face of "plaintiff's properly pleaded complaint." *Patterson v. The Jewish Home for the Elderly of Fairfield County, Inc.*, No. 3:15-CV-1391, 2016 WL 324943, at *3 (D. Conn. Jan. 27, 2016) (citation omitted). There is nothing in this plaintiff's complaint that even hints of a federal question, and as stated above, plaintiff appears to have intentionally filed his action in state court. Defendant Utica Police asks the court to "construe" a federal

question because plaintiff filed section 1983 actions against the same defendants in the past.

Defendant's statement that the court "maintained" subject matter jurisdiction in plaintiff's previous cases is not completely accurate. In the most recent case filed by plaintiff, the court specifically found that there was *no* subject matter jurisdiction over the barber shop or any specific barber that plaintiff may have named because neither acted under color of state law for purposes of section 1983. *Eldin v. Barber*, No. 6:15-CV-440, 2015 WL 2453485, at *2-3 (N.D.N.Y. May 22, 2015).

Plaintiff's claims met the same fate when he sued LB Security in 2004 and when he sued Lenscrafters in 2005. *Ramic v. Lenscrafters*, 6:05-CV-349 (DNH/DEP) (dismissed 3/23/05) (finding no state action and thus, no subject matter jurisdiction over claim against Lenscrafters); *Ramic v. LB Security Service*, No. 6:04-CV-241 (DNH) (LB Security terminated as a defendant on April 5, 2004 for lack of subject matter jurisdiction).

The only conceivable defendant against which section 1983 jurisdiction could be based is the Utica Police. However, plaintiff has stated no factual basis for any claim against the Utica Police in this complaint. In fact, other than in the caption of this case, there is no mention of the Utica Police, any individual police officer, or the City of

Utica.[2]

In addition, in 15-CV-440, the court dismissed plaintiff's complaint against both the Police Department or the City of Utica[3] because plaintiff barely mentioned the police in any of his documents, and to the extent that the court searched for a mention of the police, the only "claim" was that an officer failed to investigate plaintiff's allegations against other defendants, allegations that failed to state any constitutional claim. *See e.g. Chavis v. Chappius*, No. 06-CV-543, 2015 WL 1472117, at \*16 (W.D.N.Y. Mar. 31, 2015) (no right to an investigation, and the failure to investigate did not cause plaintiff's injury) (citing *Berstein v. New York*, 591 F. Supp. 2d 448, 460 (S.D.N.Y. 2008) (courts in the Second Circuit have determined that there is no constitutional right to an investigation by government officials)); *Hunter v. City of New York*, 35 F. Supp. 3d 310, 328 n.17 (E.D.N.Y. 2014) (citing cases).

Thus, there is no section 1983 basis for jurisdiction against any of the defendants, and this court must recommend that the District Court remand this case to state court

---

[2] Departments that are merely administrative arms of a municipality do not have a legal identity separate from the municipality and may not sue or be sued. *Rose v. County of Nassau*, 904 F. Supp. 2d 244, 247 (E.D.N.Y. Nov. 9, 2012) (citing *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002) (dismissing claim against the police department); *Polite v. Town of Clarkstown*, 60 F. Supp. 2d 214, 216 (S.D.N.Y. 1999) (same); *Umhey v. County of Orange*, 957 F. Supp. 525, 530 31 (S.D.N.Y. 1997) (dismissing case against the County Board of Ethics); *Wilson v. City of New York*, 800 F. Supp. 1098, 1101 (E.D.N.Y. 1992) (dismissing against police department).

[3] Plaintiff only named the Police Department which is not an entity that may be sued under section 1983. The court construed the action as naming the City of Utica which would have been the only defendant possible in such a case.

sua sponte.[4]

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that this case be remanded sua sponte to state court based on lack of subject matter jurisdiction, and it is further

**RECOMMENDED**, that plaintiff's motion for IFP status (Dkt. No. 18) be **DENIED AS MOOT.**

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec. of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: June 7, 2016

Hon. Andrew T. Baxter
U.S. Magistrate Judge

---

[4] The court must note that plaintiff's claims have been presented repeatedly in this court and have been dismissed both for lack of jurisdiction and as frivolous. They are also likely barred by res judicata and by the statute of limitations. Although the court would make the same finding in this action, it cannot do so because it lacks jurisdiction to make a determination on the merits of this action.