**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**ELDIN RAMIC,**

                         **Plaintiff,**

  vs.                                                     **6:16-CV-258**
                                                               **(MAD/ATB)**

**VELDIN BARBER; LB SECURITY; UTICA
POLICE; and LENSCRAFTERS,**

                         **Defendants.**
_____

**APPEARANCES:**                                           **OF COUNSEL:**

**ELDIN RAMIC**
727 Mary Street
Utica, New York 13501
Plaintiff *pro se*

**CITY OF UTICA – CORPORATION COUNSEL**       **ZACHARY C. OREN, ESQ.**
1 Kennedy Plaza, 2nd Floor
Utica, New York 13502
Attorneys for Defendant Utica Police

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      As stated by Magistrate Judge Baxter, this complaint is another in a series of complaints in which Plaintiff accuses Defendants Veldin Barber (an actual barber) and Lenscrafters of implanting microchips into Plaintiff's head and eyes. *See* Dkt. No. 22 at 2 (citing cases). Unsatisfied with the results he obtained in federal court, Plaintiff filed this action in the Supreme Court of Oneida County. *See* Dkt. No. 1. On March 4, 2016, Defendant Utica Police filed a notice of removal. *See id.* The notice of removal lists Plaintiff's two prior federal court actions and claims that this Court "maintained subject matter jurisdiction under 42 U.S.C. § 1983.

Therefore, the instant action as well contains claims under 42 U.S.C. § 1983 for which this Court has jurisdiction." Dkt. No. 1 at ¶ 3.

In a June 7, 2016 Report-Recommendation, Magistrate Judge Baxter found that removal was improper because there is nothing in Plaintiff's complaint that even hints at a federal question and Plaintiff appears to have intentionally filed his action in state court. *See* Dkt. No. 22 at 6. Further, Magistrate Judge Baxter found unpersuasive Defendant Utica Police's request that the Court "construe" a federal question simply because Plaintiff filed section 1983 actions against the same Defendants in the past. *See id.* at 6-7. Although Defendant Utica Police are the only conceivable named Defendant against which section 1983 jurisdiction could be based, the Report-Recommendation found that Plaintiff failed to state any factual basis for any such claim against them. *See id.* at 7. In fact, aside from the caption of the case, there is no mention of the Utica Police, any individual officer, or the City of Utica in the body of the complaint. *See id.* As such, Magistrate Judge Baxter found that there is no section 1983 basis for jurisdiction against any of the named Defendants and recommended that the Court remand this case back to state court. *See id.* at 8-9. No objections were filed in response to the Report-Recommendation.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept,

reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

Federal district courts are courts of limited jurisdiction. Under 28 U.S.C. § 1332(a), a federal court has jurisdiction over the subject matter of a civil action where the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states. *See* 28 U.S.C. § 1332(a). "The 'party invoking the jurisdiction of the federal court has the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount.'" *Pollock v. Trustmark Ins. Co.*, 367 F. Supp. 2d 293, 296 (E.D.N.Y. 2005) (quoting Scherer *v. The Equitable Life Assurance Soc'y of the United States*, 347 F.3d 394, 398 (2d Cir. 2003)).

A defendant may remove to federal court "'any civil action brought in a State court of which the district courts of the United States have original jurisdiction.'" *Shapiro v. Logistec USA Inc.*, 412 F.3d 307, 309-10 (2d Cir. 2005) (quoting 28 U.S.C. § 1441(a)). However, once a case has been removed, it must be remanded "'[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction.'" *Id.* at 310 (quoting 28 U.S.C. § 1447(c)). Where, as here, jurisdiction is asserted by a defendant in a removal petition, the defendant bears the burden of establishing that removal is proper. *See Cal. Pub. Employees' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004) (citations omitted). If there are any doubts as to removability, they are resolved against removability "out of respect for the limited jurisdiction of the federal courts and the rights of the states." *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007) (citation omitted). Although there is a presumption that the court has jurisdiction when the matter is brought in federal court in the first instance, "[a] defendant removing a case to federal court encounters instead the general principle that removal is disfavored and remand favored." *Pollock*, 367 F. Supp. 2d at 296-97 (citation omitted).

In the present matter, the Court finds that Magistrate Judge Baxter correctly determined that this case was improperly removed and must be remanded. In its removal petition, Defendant Utica Police states that removal is based on the fact that Plaintiff's action "could be construed" as arising under section 1983 because this Court "maintained subject matter jurisdiction" over Plaintiff's previous cases. As the Report-Recommendation properly notes, however, a federal question must be present on the face of "plaintiff's properly pleaded complaint." *Patterson v. The Jewish Home for the Elderly of Fairfield Cty., Inc.*, No. 3:15-cv-1391, 2016 WL 324943, *3 (D. Conn. Jan. 27, 2016) (citation omitted). Nothing in Plaintiff's complaint even hints of a federal

4

question. Further, as discussed in the Report-Recommendation, this Court did not "maintain" subject matter jurisdiction in Plaintiff's previous cases as alleged in the removal petition. Rather, the Court specifically found that there was no subject matter jurisdiction over the named defendants in the most recent cases Plaintiff has filed. *See* Dkt. No. 22 at 7. Having failed to demonstrate federal question jurisdiction, this matter must be remanded.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Baxter's Report-Recommendation is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that this action is **REMANDED** to state court based on lack of subject matter jurisdiction; and the Court further

**ORDERS** that the Clerk of the Court shall transfer this case to the New York State Supreme Court, Oneida County; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules; and the Court further

**ORDERS** that the Clerk of the Court shall close this case upon transfer to state court.

**IT IS SO ORDERED.**

Dated: November 30, 2016
      Albany, New York

Mae A. D'Agostino
U.S. District Judge